UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
NIKI MEIER,                             )
                                        )   No. C15-0022RSL
             Plaintiff,                 )
     v.                                 )
                                        )   ORDER DENYING DEFENDANT'S
THE TRAVELERS HOME AND MARINE           )   MOTION FOR PROTECTIVE ORDER
INSURANCE COMPANY,                      )
                                        )
             Defendant.                 )
_____)

This matter comes before the Court on "Defendant's Revised Motion for Protective Order." Dkt. # 25. Defendant seeks to preclude plaintiff from (A) questioning corporate representatives regarding defendant's retention of documents concerning bad faith claims made during the last ten years and its ability to produce them and (B) seeking documents or questioning corporate representatives regarding defendant's compensation program and the performance evaluations of the individuals involved in the handling of plaintiff's claim. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Plaintiff may discover any nonprivileged matter that is relevant to a claim or defense at issue in this litigation. Fed. R. Civ. P. 26(b)(1). Relevance does not require that the information be admissible at the trial. The requested discovery simply has to appear to be "reasonably

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER

calculated to lead to the discovery of admissible evidence." Id. The Court will not, however, condone the use of discovery to pursue a vague hope that some deleterious or illegal conduct will be uncovered. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1071-72 (9th Cir. 2004). Plaintiff has the burden of articulating the relevance of the discovery sought. In addition, the Court must limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" (Fed. R. Civ. P. 26(b)(2)(C)(I)) and may, for good cause, issue a protective order to protect defendant "from annoyance, embarrassment, oppression, or undue burden or expense" (Fed. R. Civ. P. 26(c)(1)).

**A. Document Retention and Production Capabilities**

Defendant argues that it should not have to produce documents related to bad faith cases or complaints lodged against it during the last ten years because such documents are irrelevant and/or because plaintiff is engaged in a fishing expedition. That is simply not the case. Courts in this district, including the undersigned, have authorized discovery regarding other bad faith claims (see, e.g., Polygon Nw. Co., LLC v. Steadfast Ins. Co., No. C08-1294RSL, 2009 WL 1437565, at *2 (W.D. Wash. May 22, 2009)), and defendant has acknowledged their relevance by agreeing to produce a subset of the requested documents. Defendant's real objection seems to be that it would be unduly burdensome to produce more than the formal extra-contractual complaints made in the last five years under a homeowners policy in the State of Washington that it has already agreed to produce.[1]

One of defendant's witnesses indicated that defendant maintains a database of complaints,

---

[1] To the extent defendant is arguing that a complaint cannot be relevant if it is more than five years old, arose outside of Washington, involved a policy other than a homeowner's policy, and/or was asserted informally, the argument is rejected. These types of limitations on the scope of discovery in insurance matters have been imposed to alleviate the burden of production on defendants. If, in fact, there is no burden, the limitations would be unnecessary.

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER             -2-

and plaintiff seeks information regarding the database's existence, contents, and functionality. Defendant makes no effort to show that answering questions regarding its record keeping practices and production capabilities would be burdensome.[2] Having asserted that identifying and producing any additional documents regarding complaints would be too difficult, defendant cannot now preclude inquiries designed to test that assertion. If it turns out that a full and complete response to the original discovery request can be made using a simple database inquiry, defendant's undue burden objection would likely be overruled. Plaintiff need not assume there is a factual predicate for defendant's objection, especially when there is reason to believe the burden has been overstated.

**B. Compensation Program and Performance Evaluations**

The individual adjusters who reviewed or handled plaintiff's claim undoubtedly would prefer that their personnel files, which likely include salary, discipline, evaluations, benefits, and other personal information, not be made public. Plaintiff does not seek the personnel files in their entirety, having limited her request to documents reflecting the adjuster's compensation structure and performance evaluations. The issue with regards to this information is whether plaintiff has established a sufficient nexus between the information and the bad faith claim asserted in this litigation to overcome the adjusters' privacy concerns.

Plaintiff seeks evidence tending to show that the insurer's compensation structure, through bonuses, incentive payments, or other mechanisms, encourages adjusters to make lowball offers or use other tactics to unfairly reduce the amounts paid out on claims. Discovery has so far revealed that a bonus program exists, but plaintiff is unaware of the details. Plaintiff also seeks evidence regarding the adjusters' performance evaluations because they reflect both

---

[2] This type of information is clearly relevant and discoverable. Fed. R. Civ. P. 26(b)(1) (specifying that the "existence, description, nature, custody, condition, and location of any documents or other tangible things" are within the scope of discovery).

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER            -3-

defendant's expectations for its adjusters and knowledge of any problems the assigned adjusters had exhibited in the past or in the handling of plaintiff's claim. Discovery has shown that one of the adjusters who handled her claim was discharged for failing to meet company expectations, but what those expectations were, how the adjuster failed, and whether it was related to her claim are unknown.

Plaintiff is not merely fishing for deleterious information in the adjusters' personnel files. Rather, she has requested specific types of documents that are likely to help her understand how the parties' valuations of the loss could be so far apart and what prompted defendant's initial settlement offer. She is aware that three different adjusters were assigned to handle her case, that the adjusters participate in some sort of bonus program, and that one of the adjusters was fired for performance reasons. These events may all have perfectly reasonable explanations, but they could also have been driven by policies and expectations that are antithetical to the insurer's obligations to the insured. Plaintiff has articulated the relevance of the discovery sought and has narrowed her requests to avoid unnecessary disclosures.[3] The Court will also issue a protective order to protect the adjusters from undue embarrassment under Fed. R. Civ. P. 26(c)(1).

For all of the foregoing reasons, defendant's motion for protective order (Dkt. # 25) is DENIED. Plaintiff may question corporate representatives regarding defendant's retention of documents concerning bad faith claims and its ability to produce them. Plaintiff may also discover any and all information concerning or reflecting defendant's compensation/incentive program for adjusters and the performance evaluations of the individuals involved in the

---

[3] The Court respectfully disagrees with the analysis in Rinehart v. Life Ins. Co. of N. Am., C08-5486RBL, 2009 WL 2240286, at *2-3 (W.D. Wash. July 27, 2009), to the extent it suggests that the adjusters' conduct is irrelevant to their employer's potential liability and/or that personnel records are unlikely to lead to the discovery of information regarding the insurer's compensation of and expectations for its adjusters.

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER                -4-

1  handling of plaintiff's claim. Defendant may designate information produced from the adjusters'
2  personnel files as confidential, in which case it will be utilized only for purposes of this litigation
3  and, if filed with the Court, must be redacted or made the subject of a motion to seal pursuant to
4  LCR 5(g).

6      Dated this 4th day of August, 2015.

                            /s/ Robert S. Lasnik
8                           Robert S. Lasnik
                            United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER            -5-