UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| NIKI MEIER,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE TRAVELERS HOME AND MARINE INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | No. C15-0022RSL<br><br>ORDER REGARDING CLAIMS OF PRIVILEGE |

This matter comes before the Court on the "LCR 37 Joint Submission re Scope of Cedell and Attorney Client and Work Product Privileges." Dkt. # 106. Plaintiff seeks a determination that the attorney-client privilege does not apply in this case under Cedell v. Farmers Ins. Co. of Wash., 176 Wn.2d 686 (2013). Having reviewed the written submission and heard the arguments of counsel, the Court finds as follows:

In the context of first party insurance coverage, an insurer owes a Washington insured a quasi-fiduciary duty to investigate and adjust the claim in good faith. The state Supreme Court has determined that when an insured asserts that the duty has been breached, the insured should have access to the entire claim file: an insurer will not be permitted to refuse production "because of the participation of lawyers hired or employed by the insurers" for fear that a blanket privilege "would unreasonably obstruct discovery of meritorious claims and conceal

ORDER REGARDING CLAIMS OF PRIVILEGE

unwarranted practices." Id. at 696-97. Thus, there is a presumption in cases of this kind that the attorney-client privilege does not apply as between an insured and her insurer in the claims adjusting process. Id. at 698-99. The insurer can rebut the presumption by showing that a particular communication or document had nothing to do with the insurer's quasi-fiduciary functions (*e.g.*, investigating, evaluating, negotiating, or processing the claim).[1] To the extent the insurer is able to show that documents in the claim file seek or reflect legal advice regarding the insurer's own liability under the policy, those documents are not subject to the presumption and remain privileged under state law. Id. at 699-700. Even with regards to these documents, however, the insured may pierce the privilege by showing a foundation in fact for her allegation of bad faith. If the insured is able to make a colorable showing that the insurer attempted in bad faith to defeat a meritorious claim for coverage, the privilege is waived, and the entire claim file must be produced. Id. at 700.

   Travelers acknowledges that, to the extent Mr. McCormack participated in claims handling activities such as assisting in the investigation, taking sworn statements or examinations under oath, communicating with Travelers or its consultants for the purpose of investigating, valuing, or adjusting plaintiff's claim, strategizing about the adjustment process and procedures, and/or corresponding or negotiating with plaintiff regarding payment of the claim, he took upon himself tasks for which the insurer owed a quasi-fiduciary duty. Travelers cannot shield those communications by asserting the attorney-client privilege. The same rule applies to Mr. Bernstein and Ms. Cronin.

   Travelers objects, however, to the production of documents and communications that are related to this litigation, as opposed to the adjustment of plaintiff's claim. The Court assumes,

---

[1] As succinctly described by plaintiff's counsel at oral argument, the quasi-fiduciary obligations apply whenever the insurer – through an employee or through outside counsel – undertakes to determine how to respond to the insured regarding her claim for insurance coverage.

ORDER REGARDING CLAIMS OF PRIVILEGE -2-

for purposes of this motion, that at least some of the documents contained in plaintiff's claims file are protected by the attorney-client privilege because "the attorney was providing counsel to the insurer and not engaged in a quasi-fiduciary function." Id. Nevertheless, the privilege is pierced because there is a foundation in fact for plaintiff's bad faith claim.[2] Under Washington law, bad faith in the first party context is tantamount to civil fraud, and Travelers cannot assert the attorney client privilege to hide communications that pertain to plaintiff's bad faith claim. Id. (citing Escalante v. Sentry Ins., 49 Wn. App. 375, 394 (1987)). Two issues remain, however. The first is the extent to which the civil fraud exception waives the privilege in this case. The second is whether the work product doctrine, which is a creature of federal procedure, can be used by an insurer to claw back an evidentiary privilege that was lost under the governing state law.

**1. Scope of the Waiver**

Plaintiff seeks to apply the Cedell analysis not only to documents and communications having a functional connection to the adjustment of her claim, but also to documents and communications related to the defense of this litigation. Cedell involved an insured's efforts to obtain the unredacted contents of his claims file: in particular, he was interested in learning why a lawyer hired to assist in making the coverage determination had given the insured only ten days to accept or reject a settlement offer. 176 Wn.2d at 691-92. The insurer's attempts to shield this evidence from discovery based on the attorney-client privilege did not strike the Supreme Court as fair or appropriate. As discussed above, the Supreme Court determined that once a factual foundation for a bad faith claim was established, the privilege was waived under the civil fraud exception as to all documents contained in an insured's claim file – even those that the insurer could show had nothing to do with adjusting the claim but rather reflected counsel's

---

[2] The Court declines to exercise its discretion to review the file *in camera* because the evidence in the record adequately supports such a finding without the need for additional review.

ORDER REGARDING CLAIMS OF PRIVILEGE    -3-

advice as to the insurer's coverage obligations or defense strategy. Because all of Travelers' documents and communications related to Ms. Meier have been kept in a single file,[3] the Cedell court's policy judgment governs the outcome of this motion. To the extent Travelers has refused to produce documents contained in its combined claim/litigation file on the ground of attorney-client privilege, its objection is overruled.[4]

---

[3] At oral argument, defense counsel acknowledged that the file regarding plaintiff's claim for coverage was transferred to a litigation manager when this suit was filed. A single file was maintained thereafter, and the litigation manager monitored everything related to Ms. Meier, delegating adjustment tasks and litigation tasks as needed.

[4] The Cedell court advised insurers to set up and maintain separate files for adjustment and non-adjustment activities in order to avoid the wholesale waiver of the privilege that occurred here. Id. at 699 n.5. Had Travelers heeded this advice, Cedell would offer plaintiff only limited relief. Mr. Cedell was not attempting to obtain access to outside counsel's litigation files, and there is no indication that the Supreme Court considered, much less decided, whether the waiver would extend beyond the claims file to an insurer's separate litigation files. The Supreme Court's analysis suggests that the waiver would not reach communications between an insurer and its bad faith litigation counsel if they were not co-mingled with the claims file materials. The Cedell presumption against the existence of an attorney-client privilege applies only in the context of first-party claims adjustment and is warranted because the insurer owes a quasi-fiduciary duty to the insured as it undertakes the normal activities involved in adjusting a claim. In that context, an attorney's involvement in those activities will not shield the file from discovery. But there is no quasi-fiduciary duty between the insured and the insurer with regards to litigation activities. Plaintiff offers no case law or analysis that would justify extending the Cedell presumption to an insurer's communications with litigation counsel if those communications were maintained in a separate file.

Nor would plaintiff be able to pierce the attorney-client privilege protecting a separate litigation file by simply showing that her bad faith claim has a foundation in fact. The civil fraud exception is "based on the recognition that attorney-client communications should not be protected when they pertain to ongoing or future fraudulent conduct by the insurer." Escalante, 49 Wn. App. at 393-94. Plaintiff's allegations of bad faith – which the Supreme Court deemed tantamount to civil fraud – all involve the way in which her claim was handled. Any waiver of the privilege would therefore extend only to documents and communications that may be relevant to showing that the insurer in bad faith attempted to defeat or low-ball a meritorious claim. Those documents and communications are presumed to be in the claims file and, as discussed above, production of that file is required based on the nature of plaintiff's first party claim and her showing that there is a foundation in fact for her allegations of bad faith. There would be no presumption, however, that communications with an attorney in the litigation file regarding litigation activities – such as vetting affirmative defenses or advising the insurer regarding the strength of its case – relate or pertain to the alleged bad faith adjustment of plaintiff's

ORDER REGARDING CLAIMS OF PRIVILEGE     -4-

### 2. Work Product Doctrine

Plaintiff sought an order compelling the production of all documents withheld on the basis of the attorney-client privilege. Travelers points out that certain documents may also be protected from disclosure by the work product doctrine. The question is whether a document that is discoverable under state law can nevertheless be withheld as a matter of federal procedure.

Federal jurisdiction in this case is based on diversity. As such, Washington law applies to Traveler's claims of attorney-client privilege, while Fed. R. Civ. P. 26(b)(3) governs its assertions of work-product protection. Schreib v. Am. Family Mut. Ins. Co., 304 F.R.D. 282, 285 (W.D. Wash. 2014). The work product doctrine protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). If a document serves dual purposes, meaning that it was not prepared exclusively for litigation, the issue is whether the document was created "because of" the litigation as opposed to for some other purpose. United States v. Richey, 632 F.3d 559, 567 (9th Cir. 2011). Documents are deemed prepared "because of" litigation if, in light of the nature of the document and the totality of the circumstances, it can fairly be said that the document was prepared or obtained because of the prospect of litigation and would not have

---

claim.
      Had Travelers maintained a separate litigation file, plaintiff would not gain wholesale access to that file simply because she filed a coverage action before the adjustment process was completed. On the other hand, defendant would not be able to withhold as privileged communications and documents – even those contained in a separate file marked "litigation" – if they were relevant to the bad faith claim. (For example, both Mr. McCormack and Mr. Bernstein signed the motion to compel appraisal that was filed on August 20, 2015. Dkt. # 50. The appraisal is a contractual procedure through which the parties can seek a binding determination of the value of the loss. It is part of the adjustment process, and counsel's discussions, strategizing, and advice regarding the decision to seek an appraisal were activities subject to the insurer's quasi-fiduciary duty. Any claim of privilege with regards to those activities would have been waived even if the documents were kept in a separate litigation file.) Following counsel's acknowledgment that Travelers kept a single, unified file regarding both the adjustment of plaintiff's claim and its defense of this litigation, none of these nuances are particularly important: under Cedell, Travelers cannot assert the attorney-client privilege in this case.

ORDER REGARDING CLAIMS OF PRIVILEGE   -5-

been created in substantially similar form but for that prospect. Cedar Grove Composting, Inc. v. Ironshore Specialty Ins. Co., 2015 WL 9315539 at *6 (W.D. Wash. Dec. 23, 2015).

"A party withholding materials under an assertion of privilege has the burden of proving that the withheld materials are actually privileged." Aecon Bldgs., Inc. v. Zurich N. Am., 253 F.R.D. 655, 659-660 (W.D. Wash. 2008). Travelers has not, however, discussed a single document in the joint submission or otherwise justified its withholdings under Rule 26(b)(3). Travelers makes no attempt to show that the documents at issue were "prepared in anticipation of litigation or for trial," nor does it address the fact that the work product doctrine, even if applicable, provides only qualified protection. If the party seeking disclosure shows that the documents are relevant and that there is a substantial need for the materials to prepare her case, discovery of everything but the mental impressions, conclusions, opinions, or legal theories of counsel may be ordered.

To the extent Travelers is relying on its privilege log to justify its withholdings, the log is insufficient to show that the work product doctrine applies to any of the documents for which it has been claimed. The first entry, for example, is identified as a file note written by claim manager Roopesh Sharma regarding "Management review claim notes re incurred/payment authority-reserves and counsel." Dkt. # 107-1 at 1. There is no reason to suspect that a manager's note in the claim file regarding managing the claim, payment authorizations, and reserves – all of which are normal claims handling topics – would not have been written in a substantially similar form but for the prospect of litigation. The vague reference to counsel does not imbue the note with any special litigation purpose. Even if the document were work product, given the Washington Supreme Court's finding that limiting production of a first party claim file "would unreasonably obstruct discovery of meritorious claims and conceal unwarranted practices," it is at least arguable that plaintiff has a substantial need to review the document in order to prepare her bad faith case. Cedell, 176 Wn.2d at 696-97. Nor is there any indication that

ORDER REGARDING CLAIMS OF PRIVILEGE     -6-

Mr. Sharma's note reflects mental impressions or opinions concerning the litigation that could rightfully be withheld under Rule 26(b)(3)(B). Travelers has not shown that the work product doctrine applies to any particular document for which it has been claimed.

For all of the foregoing reasons, Travelers' objections based on the attorney-client privilege are overruled. Travelers shall, within 21 days of the date of this Order, supplement its production and produce a revised privilege log that complies with the work product standards and analysis set forth herein. If any discovery disputes remain following production of the revised log, the parties shall confer and proceed in a manner consistent with the local rules of this district.

Dated this 24th day of August, 2016.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING CLAIMS OF PRIVILEGE    -7-